**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CENTER FOR AUTO SAFETY,<br><br>                              *Plaintiff*,<br><br>v.<br><br>ELAINE L. CHAO and UNITED STATES DEPARTMENT OF TRANSPORTATION,<br><br>                              *Defendants*. | No. 1:16-cv-192 (EGS) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order of March 5, 2019, the parties hereby provide this Joint Status Report in the above-captioned matter.

1. On February 4, 2016, Plaintiff filed this action challenging Defendants' compliance with 49 U.S.C. §§ 30166(f)(1) & (f)(2).  *See* ECF No. 1 (Complaint) ¶¶ 1, 10-11.  Section 30166(f)(1) states that:

> A manufacturer shall give the Secretary of Transportation, and the Secretary shall make available on a publicly accessible Internet website, a true or representative copy of each communication to the manufacturer's dealers, rental companies, or other owners or purchasers of a motor vehicle or replacement equipment produced by the manufacturer about a defect or noncompliance with a motor vehicle safety standard prescribed under this chapter in a vehicle or equipment that is sold or serviced.

Section 30166(f)(2) provides that "[c]ommunications required to be submitted to the Secretary under this subsection shall be accompanied by an index to each communication," and the index "shall be made available by the Secretary to the public on the Internet in a searchable format."

2. On March 25, 2016, the National Highway Traffic Safety Administration ("NHTSA") published a Federal Register notice relating to this statute, in which NHTSA announced its intent

to start "publicly post[ing] all manufacturer communications submitted to it pursuant to 49 U.S.C. § 30166(f)."  81 Fed. Reg. 16270, 16274 (Mar. 25, 2016).

3. On November 15, 2016, the parties jointly moved for a twelve-month stay to allow Defendants time to upload communications and indexes in its possession to NHTSA's website. *See* ECF No. 7.  The Court granted the parties' first joint motion to stay this case on November 16, 2016.  *See* Minute Order of Nov. 16, 2016.

4. On November 17, 2017, the parties jointly moved for a second twelve-month stay based on NHTSA's representations about its progress in processing and uploading indexes and communications to its website.  *See* ECF No. 9.  The Court granted the parties' second joint motion to stay the case on November 21, 2017.  *See* Minute Order of Nov. 21, 2017.

5. After the Court entered the second stay in this case, NHTSA made additional progress processing and uploading manufacturer indexes and communications to its website.  In addition, in November 2018, NHTSA and its contractor deployed a more fully automated system for receiving and processing manufacturer communications and indexes ("Phase II").  While rolling out the Phase II system, NHTSA was also processing the backlog of communications and indexes currently pending in the partially automated ("Phase I") system.  By the end of the second stay, NHTSA had already completed processing the backlog of communications submitted with indexes in its manual system, which predated the rollout of its Phase I system.

7. On November 16, 2018, the parties jointly moved for a sixty-day stay, to allow the parties to discuss the Phase II system and plan a meeting to continue those discussions in person.  The Court granted this stay, *see* Minute Order of Nov. 17, 2018, and subsequently extended it, due to a lapse in appropriations for the Departments of Transportation and Justice, *see* Minute Order of Jan. 15, 2019.  During this third stay, the parties met and engaged in discussions about further

proceedings in this matter, while narrowing the issues in dispute.

9. On March 4, 2019, the parties jointly moved for a fourth stay, of six months, to allow NHTSA to work through the backlog of communications and indexes currently pending in the Phase I system.  *See* ECF No. 17.  NHTSA represented that it expected to have processed all of the existing Phase I backlog – and to be relying primarily on the Phase II system as NHTSA continues to encourage more manufacturers to adopt it – within the six-month period of the requested stay.  The Court granted this joint stay motion, and ordered that the parties provide an update and, if necessary, a schedule for further proceedings by September 4, 2019.  *See* Minute Order of March 4, 2019.

10. NHTSA hereby informs the Court that it has completed processing of all of Phase I backlog and is now relying primarily on the Phase II system to process incoming communications and indexes from manufacturers.  At present, it takes NHTSA an average of a week or less to process incoming submissions through the Phase II system.  NHTSA has approximately 11,000 communications submitted without indexes that are not in its Phase I or Phase II systems and have not been processed.

11. The parties are presently engaged in discussions to determine if they can resolve this case without further litigation.  They therefore jointly propose that the Court order the parties to submit a further Joint Status Report in two weeks, on **September 17, 2019**.  That Report would either notify the Court of the parties' resolution of this matter, or would propose a schedule for further proceedings.  A proposed order reflecting this deadline is filed concurrently herewith.

Respectfully submitted this 4th day of September, 2019,

JOSEPH H. HUNT
Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Assistant Branch Director

| | |
|---|---|
| */s/ Adina Rosenbaum* <br> ADINA ROSENBAUM <br> Public Citizen Litigation Group <br> 1600 20th Street, N.W. <br> Washington, DC 20009 <br> (202) 588-1000 (p) <br> (202) 588-7795 (f) <br> arosembaum@citizen.org <br><br> *Counsel for Plaintiff* | */s/ Anjali Motgi* <br> ANJALI MOTGI <br> Trial Attorney (TX Bar 24092864) <br> United States Department of Justice <br> Civil Division, Federal Programs Branch <br> 1100 L Street N.W. <br> Washington, DC 20530 <br> (202) 305-0879 (p) | (202) 616-8470 (f) <br> anjali.motgi@usdoj.gov <br><br> *Counsel for Defendants* |